# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2026

Lyle W. Cayce
Clerk

No. 25-30737
Summary Calendar

———————————

Nafeesa H. Naylor,

*Plaintiff—Appellant*,

*versus*

Town of Rayville; Timothy L. Colvin; Jeffery Fields;
Neal Harwell; Randy Jack; Popeyes Louisiana Kitchen;
XYZ Insurance Companies; Natasha Robinson,

*Defendants—Appellees*.

———————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:24-CV-101

———————————

Before Willett, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Appellant Nafeesa H. Naylor sued several defendants after an incident in a Popeyes drive-through in Rayville, Louisiana.[1]  She asserted

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Naylor is a pro se litigant.  We construe her filings liberally.  *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023).

excessive force and denial of medical care claims under 42 U.S.C. § 1983, along with state law battery and negligence claims. Since filing her complaint, Naylor has repeatedly failed to comply with court orders and explained her noncompliance only by repeating already-rejected arguments. After Naylor failed to appear at one final hearing, the district court granted summary judgment for one defendant and dismissed her complaint with prejudice against the others. Naylor asserts a laundry-list of issues with the district court proceedings. We AFFIRM.

First, Naylor challenges the denial of her motion to compel video evidence from Popeyes Louisiana Kitchen, Inc. (PLKI). Her argument is three short sentences, devoid of a record citation, and wholly conclusory. Naylor has forfeited this argument on appeal. *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021); FED. R. APP. P. 28(a)(8)(A).

Second, Naylor argues the district court erroneously granted summary judgment for PLKI because factual disputes remain and PLKI fraudulently misled Naylor about ownership of the restaurant. We review the district court's summary judgment ruling de novo. *Alexander v. Arceneaux*, 172 F.4th 455, 459 (5th Cir. 2026). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting FED. R. CIV. P. 56(a)). Naylor alleges PLKI is liable for negligent hiring, negligent supervision, and negligent failure to provide adequate security measures. Just one undisputed fact is dispositive of PLKI's liability.

PLKI is a franchisor, granting A&M Operating Co. the right to operate and control the store where Naylor alleges the events in question took place. PLKI never owned or operated the store at issue. Naylor does not dispute this fact with any evidence. She argues only that "constant shifting of owners" misled her and genuine (though unspecified) factual

disputes remain.[2] But franchisors are generally not liable for the acts of the franchisee's employees. *See Pinero v. Jackson Hewitt Tax Serv. Inc.*, 638 F. Supp. 2d 632, 640 (E.D. La. 2009); *Henry v. Taco Tio, Inc.*, 606 So.2d 1376, 1380–81 (La. Ct. App. 1992). Nor is the franchisor generally responsible for securing the premises operated by the franchisee. *See Monk v. Choice Hotels Int'l Servs., Corp.*, No. 15-1699, 2016 WL 4250455, at *4–5 (W.D. La. Aug. 10, 2016); La. Civ. Code Ann. art. 2317.1 ("The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect . . . ."); La. Civ. Code Ann. art. 2316 ("Every person is responsible for the damage *he occasions* not merely by his act, but by his negligence[.] (emphasis added)). Naylor has not argued otherwise, nor has she disputed PLKI's franchisor-franchisee relationship with A&M Operating Co. The district court correctly granted summary judgment to PLKI.

Next, Naylor argues the district court erroneously dismissed her complaint with prejudice under Federal Rules of Civil Procedure 37 and 41(b). Rule 37(d) provides for sanctions, including dismissing the complaint, where a party fails to appear for her deposition. Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3); Fed. R. Civ. P. 37(b)(2)(A)(v). The ultimate remedy of dismissal with prejudice is reserved for "extreme circumstances" including "deliberate, repeated refusals to comply with discovery orders." *Roy v. ADM Grow Mark*, 211 F.3d 593, 2000 WL 329273, at *3 (5th Cir. Mar. 22, 2000) (citation modified); *Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977).

---

[2] Naylor alleges counsel "confus[ed] the identity of the defendant" by "forcing" Naylor to amend the complaint to name A&M Operating Co. as the "proper defendant." But Naylor never amended her complaint to remove PLKI as a defendant, although she was given leave to amend three times. And PLKI identified its franchisor-franchisee relationship with A&M Operating Co. in its first filing in this case.

No. 25-30737

Rule 41(b) allows a district court to dismiss a complaint for the plaintiff's failure to "comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is appropriate on a "clear record of delay or contumacious conduct," where "lesser sanctions would not serve the best interests of justice." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018). It is not negligence that makes conduct contumacious, but "the stubborn resistance to authority" that justifies dismissal with prejudice. *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988) (internal quotation marks and citation omitted). "In most cases where dismissals with prejudice are affirmed," we find "at least one of three aggravating factors"— (1) delay caused by the plaintiff; (2) actual prejudice; or (3) delay caused by intentional conduct. *Robinson v. Home Depot USA Inc.*, 478 F. App'x 820, 824 (5th Cir. 2012) (citation modified). We review the district court's sanctions for abuse of discretion. *Griffin*, 564 F.2d at 1172; *Gates*, 885 F.3d at 883.

Naylor repeatedly flaunted court orders in this case—a fault wholly her own. She failed to provide adequate discovery responses as ordered. She failed to sit for her deposition as ordered.[3] And she failed to attend a dispositive motions hearing as ordered.[4]

---

[3] Naylor filed an emergency motion to continue her deposition or conduct it virtually based on alleged death threats by her ex-boyfriend (who was allegedly conspiring with at least one defendant) and the risk of false arrest. The magistrate judge denied the motion for failure to show good cause. Instead of complying with the order, Naylor filed an "explanation" for her failure to appear. Naylor then asked the district court to set aside her deposition and reconsider the earlier order. The district court denied the motion.

[4] Naylor thrice requested a continuance of the hearing. The first motion was filed the day before the hearing, alleging fear of "appearing alone in a courtroom" as a pro se litigant, and was denied that same day. Naylor renewed her motion in two filings the day of the hearing, alleging she had a witness willing to testify about threats to her life.

No. 25-30737

Naylor's repeated refusals to comply with court orders, explained only by conclusory arguments the district court had rejected, justify the district court's sanction. *See Pegues v. PGW Auto Glass, L.L.C.*, 451 F. App'x 417, 418 (5th Cir. 2011) (affirming dismissal where plaintiff repeatedly refused to comply with court orders and asserted "fear of being assassinated by the defendants" that was "at best unreasonable and at worst disingenuous," such that "his refusal to be deposed was deliberate and contumacious"); *Robinson*, 478 F. App'x at 824 ("Robinson intentionally failed to attend court-ordered hearings, gave either disingenuous or irrational excuses for his absences, exhibited a disregard for the authority of the court, and displayed a clear intention never to appear in Houston, despite what the court might order."). The district court found that Naylor "insiste[d] on prosecuting this case on her terms or not at all" and engaged in "abusive" conduct demonstrating an "unwillingness to participate in this litigation in good faith." The record reflects lesser sanctions imposed on Naylor throughout the litigation, accompanied by the warning that "[a]ny further violation of any court orders will result in substantial sanctions," perhaps including "dismissing her claims in whole or in part." Naylor's repeated failure to heed this warning shows that lesser sanctions would be futile. *See McNeal*, 842 F.2d at 793 (vacating and remanding dismissal order absent clear record of contumacious conduct and evidence of lesser sanctions). The district court did not abuse its discretion.[5]

Last, Naylor's recusal and bias arguments fail. Naylor moved for Chief Judge Doughty to recuse himself. At the time of the motion, the case had already been reassigned to Judge Edwards. What's more, Naylor's bias

---

[5] We reject Naylor's argument that the district court arbitrarily ignored evidence of threats against her. The magistrate judge addressed Naylor's arguments and evidence but rejected them under the governing legal standards.

No. 25-30737

allegations against Judge Edwards and Magistrate Judge McClusky stem from unspecified adverse rulings. "Adverse rulings alone do not call into question a . . . judge's impartiality." *Byrant v. Orndorff*, 196 F. App'x 308, 308 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.